UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLE BASKIN,

    Plaintiff,

v.                                                    CASE NO. 8:15-cv-22-T-23EAJ

MAHAMAYAVI BHAGAVAN ANTLE,

    Defendant.
_____/

**ORDER**

On November 9, 2008, Carole Baskin registered a domain name, DocAntle.com, with Wild West Domains, LLC. On December 18, 2014, the World Intellectual Property Organization ordered Wild West Domains to transfer DocAntle.com to Mahamayavi Bhagavan Antle. Under 15 U.S.C. § 1114(2)(D)(v), a "domain name registrant whose domain name has been . . . transferred . . . may . . . file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter." Accordingly, Baskin sues for "a declaration that [Baskin's] registration/use of [DocAntle.com] is not unlawful under" the Anticybersquatting Consumer Protection Act (the ACPA). (Doc. 1 at 6) After the clerk entered (Doc. 10) a default against Antle, Baskin moved (Doc. 13) for a default judgment.

## DISCUSSION

Although Antle has appeared in this action, Antle has neither answered the complaint nor moved to vacate the clerk's default. "[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (internal quotation marks omitted). However, a "defaulted defendant" is "not held . . . to admit conclusions of law." *Cotton*, 402 F.3d at 1278; *see also Moore's Federal Practice*, Vol. 17, § 111.71 (3d ed. 2014) ("[The] legal sufficiency of [a] claim is not admitted by default."). Thus, Antle has not admitted the complaint's conclusion that Baskin's registration and use of DocAntle.com are "legitimate." (Doc. 1 at 3)

The ACPA is codified in 15 U.S.C. § 1125(d), which consists of Sections 1125(d)(1) and (d)(2). Section 1125(d)(2) is inapplicable in this action because the section allows "the owner of a mark" to sue a "domain name registrar, domain name registry, or other domain name authority," not a "domain name registrant" such as Baskin. Under Section 1125(d)(1)(A) of the ACPA:

> A person shall be liable in a civil action by the owner of a mark . . . if . . . that person —
>
>   (i) has a bad faith intent to profit from that mark . . . ; and
>
>   (ii) registers . . . or uses a domain name that —
>
>     (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;

> > (II) in the case of a famous mark that is famous at the
> > time of registration of the domain name, is identical or
> > confusingly similar to or dilutive of that mark; or
>
> > (III) is a [registered] trademark . . . .

The complaint alleges that Antle "has never had any registered trademark in the name 'Doc Antle.'" (Doc. 1 at 3) Thus, to establish that her registration and use of DocAntle.com are "not unlawful pursuant to" the ACPA, Baskin must establish (1) that "Doc Antle" is not a protected mark, (2) that Baskin has no "bad faith intent to profit from" the mark, or (3) that the mark is neither "distinctive" nor "famous."

**1. Unregistered Mark**

The Lanham Act, a federal law governing a trademark, protects an "unregistered mark." Under Section 1125(a), an "unregistered mark" is either "inherently distinctive" or "has acquired distinctiveness through secondary meaning." *Montgomery v. Noga*, 168 F.3d 1282, 1300 (11th Cir. 1999). By alleging that "Doc Antle" is a name, Baskin establishes that "Doc Antle" is not "inherently distinctive." *See Tana v. Dantanna's*, 611 F.3d 767, 774 (11th Cir. 2010) ("Names . . . are regarded as descriptive terms . . . [and are not] inherently distinctive."); *In Re Rath*, 2004 WL 161352, at *8 (T.T.A.B. Jan. 22, 2004) (Hohein, A.L.J.) (holding that "Dr. Rath" is a name that is not "inherently distinctive"). Thus, to establish that "Doc Antle" is not a protected mark, Baskin must establish that "Doc Antle" has not "acquired distinctiveness through secondary meaning." *See Caliber Auto. Liquidators,*

*Inc. v. Premier Chrysler, Jeep, Dodge, LLC*, 605 F.3d 931, 938 (11th Cir. 2010) ("A descriptive mark is protected only when secondary meaning is shown.").

A name "can acquire distinctiveness or 'secondary meaning' by becoming associated with the proprietor's product or service." *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1358 (11th Cir. 2007). The complaint alleges (1) that, at the time Baskin registered DocAntle.com, "all books authored by [Antle] . . . identify [him] as 'Bhagavan Antle'" and (2) that "no relevant segment of the population would recognize Doc Antle as a mark that distinguishe[s] any goods or services of [Antle] from that of any other provider." (Doc. 1 at 4) These allegations are sufficient to establish that "Doc Antle" has not "acquired distinctiveness through secondary meaning."[1] In sum, Baskin establishes that "Doc Antle" is not a protected mark.

**2. Bad Faith Intent**

Because Baskin establishes that "Doc Antle" is not a protected mark, a determination of whether Baskin has "bad faith intent to profit from" the mark is unnecessary. However, even if "Doc Antle" is a protected mark, Baskin establishes that she has no "bad faith intent to profit from" the mark.

Section 1125(d)(1)(B)(i) lists several factors that contribute to a "determin[ation of] whether a person has a bad faith intent." Most applicable to this action is a factor identified in Section 1125(d)(1)(B)(i)(IV) — "the person's bona fide noncommercial

---

[1] *See Milacron LLC v. Stough Tool Sales*, 2012 WL 2366639, at *2 (S.D. Ohio June 21, 2012) (Dlott, J.) (explaining that proving a mark has "not acquired distinctiveness through secondary meaning . . . would be . . . [proving] a negative" and "would be difficult").

- 4 -

or fair use of the mark in a site accessible under the domain name."[2]  The complaint alleges that Baskin registered DocAntle.com "to bring attention to the unethical manner in which [Antle] and his organization T.I.G.E.R.S. handle and breed exotic cats."  (Doc. 1 at 3)  In other words, the purpose of Baskin's registration and use of DocAntle.com is "comment" and "criticism," which constitute a "fair use" of the mark "Doc Antle."  *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1249 (11th Cir. 2009); *see also Lamparello v. Falwell*, 420 F.3d 309, 313 (4th Cir. 2005) (Motz, J.).

Further, Section 1125(d)(1)(B)(ii) prohibits finding "bad faith intent" if "the person believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful."  Baskin's organization, Big Cat Rescue, "publicizes evidence and opinions regarding what it and others see as blatant exploitation of animals at its www.911AnimalAbuse.com internet website."  (Doc. 1 at 3)  Baskin registered DocAntle.com, which "forwards to a page on [the] www.911AnimalAbuse.com internet website through which information is available regarding the unethical nature in which [Antle] and his organization T.I.G.E.R.S. handle and breed exotic cats."  (Doc. 1 at 3)  The complaint alleges facts sufficient for a finding that Baskin believed her use of DocAntle.com was "fair."  In sum, even if "Doc Antle" is a protected mark, Baskin establishes that she has no "bad faith intent to profit from" the mark.

---

[2] Section 1125(d)(1)(B)(i)(VI) identifies an additional factor — "the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain."  The complaint sufficiently alleges that Baskin uses DocAntle.com in a "noncommercial . . . manner." (Doc. 1 at 3)

### 3. Distinctive and Famous

Because Baskin establishes that "Doc Antle" is not a protected mark and because Baskin establishes that she has no "bad faith intent to profit from" "Doc Antle," a determination of whether "Doc Antle" is either distinctive or famous is unnecessary.

### 4. Injunction and Damages

The complaint requests only "a declaration that [Baskin's] registration/use of [DocAntle.com] is not unlawful under" the ACPA. (Doc. 1 at 6) However, the motion for a default judgment requests not only the declaration but a judgment (1) compelling Wild West Domains to reactivate DocAntle.com and to cancel the transfer of DocAntle.com from Baskin to Antle[3] and (2) awarding Baskin the $400 filing fee.

Under Section 1114(2)(D)(v), "[t]he court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant." However, under Rule 54(c), Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from . . . what is demanded in the pleadings." *See Moore's Federal Practice*, Vol. 10, § 55.34[1] (3d ed. 2015) ("The purpose of the rule is to ensure that a party, before

---

[3] In addition to asking for a cancellation of the transfer, the motion for a default judgment requests that the judgment compel Wild West Domains to "free [DocAntle.com] from any and all encumb[]rances relating to" the December 18, 2014 order by the World Intellectual Property Organization. Because the order transferred DocAntle.com to Antle, a judgment "free[ing DocAntle.com] from any and all encumb[]rances relating to" the order would cancel the transfer of DocAntle.com.

deciding not to defend the action has notice as to the potential extent of the judgment."). Because the complaint requests only a declaration, neither an injunction nor damages, Rule 54(c) prevents a default judgment from granting an injunction or damages.

## CONCLUSION

Baskin establishes that her registration and use of DocAntle.com complied with the ACPA. Accordingly, Baskin's motion (Doc. 13) for a default judgment is **GRANTED IN PART**. The clerk is directed (1) to enter judgment in favor of Baskin and against Antle declaring that Baskin's registration and use of DocAntle.com comply with the ACPA and (2) to close the case.

ORDERED in Tampa, Florida, on July 1, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE